UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STACEY COMPTON-MAGA,

               Plaintiff,

   -against-

MAC COSMETICS, INC.,

               Defendant.
----------------------------------------------------------------X

REPORT & RECOMMENDATION
14 CV 4118 (JBW)(LB)

**BLOOM, United States Magistrate Judge:**

    Plaintiff brings this *pro se* action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34, alleging that Defendant discriminated against her based on her age. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

## BACKGROUND

    Plaintiff commenced this action by filing a complaint on July 1, 2014. (ECF No. 1.) Plaintiff alleges that she was employed as an artist/beauty associate by MAC Cosmetics, Inc., beginning on October 1, 2007 and that she resigned on December 29, 2013. (Id.) On October 20, 2014, proof of service was filed as to Defendant. (ECF No. 6.) On February 9, 2015, the Court noted that Defendant had not responded to Plaintiff's complaint and that Plaintiff had not moved for the entry of default judgment. (ECF No. 7.) The Court ordered Plaintiff to take appropriate action by March 4, 2015, and warned Plaintiff that this case would be dismissed for failure to prosecute if she failed to move this case forward. (Id.) Plaintiff has not contacted the Court since she filed the complaint or taken any further action.

## DISCUSSION

    Rule 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails



to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (noting that the district court has the inherent power to manage their own affairs "so as to achieve the orderly and expeditious disposition of cases") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)); see also Armstrong v. Guccione, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (explaining that the court's inherent power can be limited but only if clearly indicated by statute or rule). The Court considers five factors in dismissing an action pursuant to Rule 41(b): (1) whether plaintiff's failure to prosecute caused a delay of significant duration; (2) whether plaintiff was given notice that further delay would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) the balance between alleviating the Court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser sanctions. Lewis, 564 F.3d at 576; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (applying the five factors). "No one factor is dispositive . . . ." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004); see also Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake, 375 F.3d at 255 (citing Martens, 273 F.3d at 180). Here, Plaintiff has taken no action to prosecute this matter since filing the complaint nearly ten months ago. Because Plaintiff is proceeding *in forma pauperis*, the U.S. Marshals Service effected service of the summons and complaint on Defendant; however, Defendant has not responded and Plaintiff has failed to move for the entry of default by the March 4, 2015 deadline set by the Court. Plaintiff's failure to move as directed within the time allotted, or to contact the Court during the following three months, is a sufficient duration to militate in favor of dismissing this case.

The Court also warned Plaintiff that this case would be dismissed for failure to prosecute if she failed to move this case forward. (ECF No. 7.) The notice factor therefore also tips in favor of dismissing Plaintiff's action. See Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.").

The prejudice analysis also favors dismissing this action, albeit only slightly. Prejudice may be presumed from Plaintiff's "unreasonable delay." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); see also U.S. ex rel. Drake, 375 F.3d at 256 ("Prejudice may be presumed as a matter of law in certain cases") (citing Lyell). Because "[t]he primary rationale underlying a dismissal under 41(b) is the failure of the plaintiff in his duty to process his case diligently," Lyell, 682 F.2d at 43, the prejudice analysis here slightly favors dismissing this action.

The balance between the Court's calendar obligations and Plaintiff's right to be heard weighs more strongly in favor of dismissing this action. Plaintiff has made no effort to move this case forward, despite warning from this Court that if she did not move, the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is appropriate.

The Court is aware that a Rule 41(b) "dismissal is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). However, Plaintiff herein seems to have abandoned the action, leaving the Court with no lesser sanction to recommend but dismissal.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

3

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/s/ USMJ BLOOM

LOIS BLOOM
United States Magistrate Judge

Dated: June 23, 2015
Brooklyn, New York

*No objection to the Magistrate Judge's order of June 23, 2015 having been made, the order is confirmed and the case dismissed. So ordered.*

*[signature]*
*7/14/15*

4